IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **OBLIO TELECOM, INC.**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. **3:08-CV-0279-L** |
| v. | § | |
| | § | |
| **ZUBER PATEL, et al.**, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court are: (1) Defendant Asia Telecom's Motion and Notice of Motion to Dismiss for Lack of Personal Jurisdiction, filed March 24, 2008; (2) Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim Upon Which Relief May Be Granted by Defendants Hawaii Global Exchange, Inc. and Transpac Telecom, Inc., filed March 26, 2008; (3) Defendant Zuber Patel's Motion to Dismiss, filed April 1, 2008; and (4) Defendant Touch Tell, Inc.'s Rule 12(b)(6) Motion to Dismiss Plaintiff's Original Complaint for Failure to State a Claim Upon Which Relief Can Be Granted, filed April 8, 2008. After carefully considering the motions, briefs, record, and applicable law, the court **denies** Defendant Asia Telecom's Motion and Notice of Motion to Dismiss for Lack of Personal Jurisdiction; **denies without prejudice** Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim Upon Which Relief May Be Granted by Defendants Hawaii Global Exchange, Inc. and Transpac Telecom, Inc.; **denies without prejudice** Defendant Zuber Patel's Motion to Dismiss; and **denies without prejudice** Defendant Touch Tell, Inc.'s Rule 12(b)(6) Motion to Dismiss Plaintiff's Original Complaint for Failure to State a Claim Upon Which Relief Can Be Granted.

## I. Factual and Procedural Background

Plaintiff Oblio Telecom, Inc. ("Plaintiff" or "Oblio") filed its Original Complaint on February 15, 2008, against Defendants Zuber Patel ("Patel"), Touch Tell, Inc. ("Touch Tell"), Hawaii Global Exchange, Inc. d/b/a Transpac Telecom and Pacific Telecard ("HGE"), Diamond Phone Card, Inc., Detroit Phone Card, Inc., Raza Telecom, Inc. d/b/a Raza Communication, Asia Telecom Corporation ("Asia Telecom"), and Transpac Telecom, Inc. ("TTI") (collectively, "Defendants"). Oblio asserts a claim pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, as well as state law claims of fraud and conspiracy to commit tortious interference.

Plaintiff alleges that Defendants comprise a RICO enterprise pursuant to 18 U.S.C. § 1961(3) and 1962(a) through (d) that "ma[de] a run on a phone card provider." Compl. ¶¶ 16, 19. Oblio asserts that it employed Patel, who controlled its network and provided telephone cards to the other Defendants. Plaintiff contends that Patel sold cards to the other Defendants but added value greater than the face value of the cards, applied unauthorized discounts to Defendants' invoices, began a scheme to disrupt the network to create an excuse to pay less than the amount it invoiced, and sold activated cards to Defendants but told them they did not need to pay Oblio. *Id.* ¶ 19. Oblio asserts that it lost millions of dollars in revenue as a result of Defendants' actions. *Id.* ¶ 26.

## II. Legal Standards

### A. Motion to Dismiss for Lack of Personal Jurisdiction

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing a prima facie case for the court's jurisdiction over a nonresident defendant. *See Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993); *Stuart v. Spademan*, 772 F.2d 1185, 1192

(5th Cir. 1985). When the court rules on the motion without an evidentiary hearing, the plaintiff may establish personal jurisdiction by presenting a prima facie case that personal jurisdiction is proper, *id.*; proof by a preponderance of the evidence is not required. *International Truck and Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 556 (N.D. Tex. 2003) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989)). The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery. *Stuart*, 772 F.2d at 1192. Uncontroverted allegations in a plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in favor of the plaintiff. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990). After a plaintiff makes his prima facie case, the burden then shifts to the defendant to present "a compelling case that the presence of some other consideration would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

A federal court has jurisdiction over a nonresident defendant if the state long-arm statute confers personal jurisdiction over that defendant, and if the exercise of jurisdiction is consistent with due process under the United States Constitution. *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 418 (5th Cir. 1993). Because the Texas long-arm statute extends to the limits of federal due process, *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990), the court must determine whether (1) the defendants have established "minimum contacts" with the forum state; and, (2) whether the exercise of personal jurisdiction over the defendants would offend "traditional notions of fair play and substantial justice." *Ruston Gas*, 9 F.3d at 418 (*citing International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The "minimum contacts" prong is satisfied when a defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 475. The nonresident defendant's availment must be such that the defendant "should reasonably anticipate being haled into court" in the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). This test "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Burger King*, 471 U.S. at 475 (citations omitted). The "minimum contacts" prong of the inquiry may be subdivided into contacts that give rise to "specific" personal jurisdiction and those that give rise to "general" personal jurisdiction. *Marathon Oil Co. v. A.G. Ruhrgas*, 182 F.3d 291, 295 (5th Cir. 1999). Specific jurisdiction is only appropriate when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). The exercise of general personal jurisdiction is proper when the nonresident defendant's contacts with the forum state, even if unrelated to the cause of action, are continuous, systematic, and substantial. *Id.* at 414 n.9.

In evaluating the second prong of the due process test, the court must examine a number of factors in order to determine fairness and reasonableness, including: (1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the state's shared interest in furthering social policies. *Asahi Metals Indus. Co. v. Superior Court*, 480 U.S. 102, 112 (1987). As noted above, "once minimum contacts are established, a defendant must present 'a compelling case that the presence of some consideration would render jurisdiction unreasonable.'" *Eviro*

*Petroleum, Inc. v. Kondur Petroleum*, 79 F. Supp. 2d 720, 725 (S.D. Tex. 1999) (*quoting Burger King*, 471 U.S. at 277). In fact, "[o]nly in rare cases . . . will the exercise of jurisdiction not comport with fair play and substantial justice when the nonresident defendant has purposefully established minimum contacts with the forum state." *Id.* (*quoting Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 231 (Tex. 1991)).

  **B.** **Motion to Dismiss for Failure to State a Claim**

To defeat a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S. Ct. 1955, 1974 (2007). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss

are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). A court, however, is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### III.     Analysis

####     A.     Asia Telecom's Motion to Dismiss for Lack of Personal Jurisdiction

Defendant Asia Telecom moves to dismiss Plaintiff's claims against it for lack of personal jurisdiction. It argues that the RICO statute, which authorizes nationwide process, does not authorize personal jurisdiction over Asia Telecom and that this court does not have either general or specific jurisdiction over it. Plaintiff responds that the RICO statute is a basis for finding personal jurisdiction over Asia Telecom, and even if it is not, that Defendant's contacts with Texas establish specific jurisdiction. Defendant did not file a reply. The parties do not appear to dispute that Asia Telecom is a resident of New Jersey.

The court turns first to the parties' dispute with respect to the RICO statute. Section 1965(b) of the RICO statute provides:

> In any action under section 1964 [civil remedies] of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.

18 U.S.C. § 1965(b). Both parties cite to *Butcher's Union Local No. 498 v. SDC Investments, Inc.*, 788 F.2d 535 (9th Cir. 1986). Defendant argues that pursuant to *Butcher's Union*, before nationwide service is permitted, a plaintiff must show that the court has personal jurisdiction over at least one participant in the alleged conspiracy and that there is no other district that will have personal jurisdiction over all the alleged coconspirators.

Plaintiff argues that this test is met and that although the Fifth Circuit has not specifically held that section 1965(b) grants nationwide service of process, at least four other circuits and other district courts in this circuit have reached this conclusion. It points out that it has alleged that Defendants Patel and TTI are residents of Dallas County, Texas. The court notes that both Patel and TTI have filed motions to dismiss, but neither has moved pursuant to Rule 12(b)(2) for lack of personal jurisdiction. Plaintiff also argues that the other defendants are residents of Hawaii, New York, Michigan, Illinois, and California, and therefore there is no district that would have jurisdiction over all of the Defendants alleged to be part of the RICO conspiracy.

Reviewing the provisions of section 1965, as well as the opinions by circuit and district courts, the court concludes that the statute does provide for nationwide service of process. *Cory v. Aztec Steel Building, Inc.*, 468 F.3d 1226, 1230 (10th Cir. 2006), *cert. denied*, 127 S.Ct. 2134 (2007); *PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 71 (2d Cir. 1998); *Butcher's Union*, 788 F.2d at 538-89; *Lisak v. Mercantile Bancorp, Inc.*, 834 F.2d 668, 671 (7th Cir. 1987), *cert. denied*, 485 U.S. 1007 (1988); *Rolls-Royce Corp. v. Heros, Inc.*, ___ F. Supp. 2d ___, 2008 WL

783549, *10-11 (N.D. Tex. Mar. 25, 2008) (Fitzwater, J); *Hawkins v. Upjohn Co.*, 890 F. Supp. 601, 605-06 (E.D. Tex. 1994).[*] The court also determines that the requirements for nationwide service of process have been met in this case; the court has personal jurisdiction over Defendants Patel and TTI, and no single district would have personal jurisdiction over all of the Defendants alleged to be coconspirators.

Next, the court must determine whether it has personal jurisdiction over nonresident Defendants pursuant to the nationwide service of process provision. Plaintiff points out that although the Fifth Circuit has not addressed this issue, district courts in this circuit have followed *Butcher's Union* and other circuits in holding that in a civil RICO suit, personal jurisdiction over nonresident defendants is warranted once the nationwide service of process provision is satisfied. 788 F.2d at 539; *see also PT United*, 138 F.3d at 71-72; *Lisak*, 834 F.2d at 671-72; *Rolls-Royce*, 2008 WL 783549, at *13-14. In the context of a securities fraud case, the Fifth Circuit held: "[W]hen a federal court is attempting to exercise personal jurisdiction over a defendant in a suit based upon a federal statute providing for nationwide service of process, the relevant inquiry is whether the defendant has minimum contacts with the United States." *Busch v. Buchman, Buchman & O'Brien, Law Firm*, 11 F.3d 1255, 1258 (5th Cir. 1994) (citations omitted). Accordingly, the court concludes that once the nationwide service of process requirement has been met, as it has in this case, then a court may exercise personal jurisdiction over nonresident defendants if they have minimum contacts with the United States. Defendant Asia Telecom, a resident of New Jersey, meets

---

[*]These cases reflect the majority view that nationwide service of process is authorized pursuant to section 1965(b). Other circuits have concluded that nationwide service of process is authorized, but that it is created through section 1965(d), which provides: "All other process in any action or proceeding under this chapter may be served on any person in any judicial district in which such person resides, is found, has an agent, or transacts his affairs." *See ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 626-27 (4th Cir. 1997), *cert. denied*, 523 U.S. 1048 (1998); *Republic of Panama v. BCCI Holdings*, 119 F.3d 935, 942 (11th Cir. 1997).

**Memorandum Opinion and Order – Page 8**

this test. Therefore, the court concludes that it can exercise personal jurisdiction over Defendant Asia Telecom pursuant to 18 U.S.C. § 1965.

Plaintiff argues that finding that there is personal jurisdiction over Asia Telecom for the RICO claim also justifies the exercise of personal jurisdiction over this Defendant for the state law claims pursuant to pendent personal jurisdiction. Again, this is an issue that the Fifth Circuit has not specifically considered, but in *Rolls-Royce*, this court noted that every circuit that had considered the issue had approved pendent personal jurisdiction and then held that "if [plaintiff's] remaining claims arise out of the same nucleus of operative facts as its RICO claims, it is within the court's discretion to exercise pendent personal jurisdiction over them." 2008 WL 783549, *15 (citing cases from the 2d, 3d, 4th, 7th, 9th, 10th, D.C. and Federal circuits). The court agrees that if Oblio's other claims arise from the "same nucleus of operative facts," it has personal jurisdiction over the additional state claims of fraud and conspiracy to commit tortious interference.

Plaintiff's fraud claim alleges that Patel abused his position of trust and confidence with Oblio and defrauded it; Oblio also contends that Defendants engaged in an illegal plan to defraud it of millions of dollars of telephone cards. Compl. ¶¶ 26-27. The conspiracy to commit tortious interference claim also alleges that there was a civil conspiracy to interfere with Oblio's contractual obligations and goodwill, reputation, and standing. *Id.* ¶ 29. These claims are similar to Plaintiff's RICO claim, which alleges that Patel and the other Defendants together engaged in a conspiracy to defraud Oblio. Accordingly, the court concludes that the state law claims arise out of the same nucleus of operative facts as Plaintiff's RICO claim and therefore the court may exercise personal jurisdiction over Asia Telecom for these claims.

Asia Telecom has not moved to dismiss the RICO claim brought against it, and if the court were to dismiss this claim against it, then the court would not have personal jurisdiction over Asia Telecom pursuant to 18 U.S.C. § 1965. *See Rolls-Royce*, 2008 WL 783549, *5 ("If dismissal of [plaintiff's] RICO claims . . . is proper, then [plaintiff] cannot establish personal jurisdiction over defendants under 18 U.S.C. § 1965."). Asia Telecom, however, has not moved to dismiss the RICO claims. If it does, and the court determines that Plaintiff has failed to state a RICO claim against Asia Telecom pursuant to the RICO statute, then Defendant may reurge its additional arguments regarding specific jurisdiction. At this juncture, the court will not address the parties' additional arguments regarding general and specific jurisdiction. Accordingly, the court **denies** Defendant Asia Telecom's Motion and Notice of Motion to Dismiss for Lack of Personal Jurisdiction.

  **B.**  **HGE, TTI, Patel, and Touch Tell's Motions to Dismiss for Failure to State a Claim**

Defendants HGE and TTI jointly moved to dismiss Plaintiff's claims against them for lack of personal jurisdiction and failure to state a claim upon which relief can be granted. HGE and TTI, in their reply, withdrew their motion with respect to the argument that the court lacks personal jurisdiction over them. Defendant Patel moved separately to dismiss Plaintiff's claims against him for failure to state a claim, but he joins Defendants HGE and TTI's motion insofar as they argue that Plaintiff has failed to state a claim upon which relief can be granted. Finally, Defendant Touch Tell also filed a separate motion to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Because Defendants' arguments are overlapping, the court considers these three motions together.

1. **RICO Claim**

   a. **Legal Standards**

RICO provides a civil cause of action to recover treble damages for "[a]ny person injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1964. Oblio contends that Defendants violated subsections (a) through (d) of section 1962. Reduced to their simplest terms, these subsections mean:

> (a) a person who has received income from a pattern of racketeering activity cannot invest that income in an enterprise;
>
> (b) a person cannot acquire or maintain an interest in an enterprise through a pattern of racketeering activity;
>
> (c) a person who is employed by or associated with an enterprise cannot conduct the affairs of the enterprise through a pattern of racketeering activity; and
>
> (d) a person cannot conspire to violate subsections (a), (b), or (c).

*Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995). "Common elements are present in all four of these subsections. These common elements teach that any RICO claim necessitates 1) a *person* who engages in 2) a *pattern of racketeering activity*, 3) connected to the acquisition, establishment, conduct, or control of an *enterprise*." *Id*. at 204 (original emphasis) (internal citations and quotations omitted).

Defendants HGE, TTI, and Patel argue that Plaintiff has failed to show the elements required for a RICO claim, that Plaintiff has failed to show causation as required by the statute, and that the Complaint is not specific enough to meet the standards of Rule 9(b) of the Federal Rules of Civil Procedure. Touch Tell argues that Plaintiff has failed to establish a RICO enterprise, a pattern of

racketeering activity, any predicate act, and that the Complaint lacks the specificity required by Rule 9(b).

### b. RICO Enterprise

The court first addresses Defendants' contentions that Plaintiff has failed to adequately plead the existence of a RICO enterprise. The statute simply defines the term "enterprise" as including "any individual partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). Plaintiff does not allege that Defendants share any legal relationship, but rather that they are an association-in-fact. Compl. ¶ 16.

To establish an association-in-fact enterprise, Oblio must show "evidence of an ongoing organization, formal or informal, and . . . evidence that various associates function as a continuing unit." *Crowe*, 43 F.3d at 205 (internal citation and quotation omitted). An association-in-fact enterprise must have continuity. *Calcasieu Marine Nat'l Bank v. Grant*, 943 F.2d 1453, 1461 (5th Cir. 1991); *see also Crowe*, 43 F.3d at 205; *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 243 (5th Cir. 1988), *cert. denied*, 489 U.S. 1079 (1989). An association-in-fact enterprise "(1) must have an existence separate and apart from the pattern of racketeering, (2) must be an ongoing organization[,] and (3) its members must function as a continuing unit as shown by a hierarchical or consensual decision making structure." *Crowe*, 43 F.3d at 205; *Calcasieu*, 943 F.2d at 1461; *Delta Truck*, 855 F.2d at 243. "Since an association-in-fact enterprise must have an existence separate and apart from the pattern of racketeering, proof of a pattern of racketeering activity does not necessarily establish a RICO enterprise." *Calcasieu*, 943 F.2d at 1461 (internal citation omitted). Oblio must therefore plead specific facts that establish that the association exists for

purposes other than simply to commit the predicate acts. *Elliott v. Foufas*, 867 F.2d 877, 811 (5th Cir. 1989); *Montesano v. Seafirst Commercial Corp.*, 818 F.2d 423, 427 (5th Cir. 1987).

The enterprise alleged in this case is an association-in-fact comprised of Patel, an employee of Oblio, and the other Defendants, who distribute and sell prepaid phone cards. Plaintiff alleges that Defendants "conducted or participated in the conduct of the Enterprise's affairs through a pattern of racketeering activity and worked together to orchestrate and receive the benefits of the predicate acts . . . ." Compl ¶ 17. Plaintiff, however, has not alleged the existence of an ascertainable structure separate and apart from the alleged pattern of racketeering. In other words, there is no allegation that the association of Defendants existed separate and apart from the alleged pattern of racketeering. Aside from the commission of the alleged predicate acts, there appears to be nothing that binds the association together. Accordingly, the court determines that Plaintiff has failed to adequately plead a RICO enterprise. As a RICO enterprise is an element required for any RICO claim, the court determines that Plaintiff has failed to state a claim pursuant to 18 U.S.C. § 1962.

      **c.**      **Predicate Acts**

Defendants also argue that Plaintiff has failed to plead with the specificity required by Rule 9(b) of the Federal Rules of Civil Procedure and that it has not sufficiently pleaded predicate acts. Plaintiff alleges that Defendants engaged in predicate acts of mail and wire fraud and a scheme or artifice to defraud. Compl. ¶¶ 19(j), 21-22.

Rule 9(b)'s particularity requirement applies to the pleading of RICO predicate acts. *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1138 (5th Cir. 1992). Rule 9(b) requires "a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker,

state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.,* 302 F.3d 552, 564-65 (5th Cir. 2002) (quotations omitted).

While Plaintiff's complaint generally alleges that Defendants conspired unlawfully in a variety of ways, Oblio fails to allege with specificity any misrepresentation or a misrepresentation that was made through the interstate mails or wires. Plaintiff alleges generally that Patel took certain actions, but it fails to provide the specific details required under Rule 9(b). Accordingly, the court determines that Plaintiff has also failed to allege the predicate acts that are required to bring a civil RICO claim.

### 2. Leave to Amend

Plaintiff asks for leave to amend its complaint if the court determines that it has failed to state a RICO claim. The court determines that the defects in Plaintiff's complaint are not necessarily incurable and Plaintiff has not amended its complaint; accordingly, leave should be granted to allow Plaintiff to replead its claims. *See Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000). The court therefore **denies without prejudice** the pending motions to dismiss and **orders** Plaintiff to file an amended complaint to address the pleading deficiencies by **December 3, 2008**.

## IV. Conclusion

For the reasons stated herein, the court **denies** Defendant Asia Telecom's Motion and Notice of Motion to Dismiss for Lack of Personal Jurisdiction; **denies without prejudice** Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim Upon Which Relief May Be Granted by Defendants Hawaii Global Exchange, Inc. and Transpac Telecom, Inc.; **denies without prejudice** Defendant Zuber Patel's Motion to Dismiss; and **denies without prejudice**

Defendant Touch Tell, Inc.'s Rule 12(b)(6) Motion to Dismiss Plaintiff's Original Complaint for Failure to State a Claim Upon Which Relief Can Be Granted. Plaintiff is **granted leave** to replead its complaint, and its amended complaint must be filed no later than **December 3, 2008**.

**It is so ordered** this 18th day of November, 2008.

Sam A. Lindsay
United States District Judge