IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **OBLIO TELECOM, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. **3:08-CV-0279-L** |
| v. | § | |
| | § | |
| **ZUBER PATEL, et al.,** | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court are: (1) Motion to Dismiss First Amended Complaint for Failure to State a Claim Upon Which Relief May Be Granted by Defendants Hawaii Global Exchange, Inc. and Transpac Telecom, Inc., filed December 17, 2008; (2) Defendant Zuber Patel's Motion to Dismiss Plaintiff's First Amended Complaint, filed December 18, 2008; (3) Defendant Touch Tell, Inc.'s Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim Upon which Relief can be Granted, filed December 18, 2008; and (4) Defendant Asia Telecom's Motion to Dismiss Pursuant to Rule 12(b)(6), filed December 31, 2008.  After carefully considering the motions, briefs, record, and applicable law, the court **grants** Defendants Hawaii Global Exchange, Inc. and Transpac Telecom, Inc.'s Motion to Dismiss First Amended Complaint for Failure to State a Claim Upon Which Relief May Be Granted; **grants** Defendant Zuber Patel's Motion to Dismiss Plaintiff's First Amended Complaint; **grants** Defendant Touch Tell, Inc.'s Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim Upon which Relief can be Granted; and **grants** Defendant Asia Telecom's Motion to Dismiss Pursuant to Rule 12(b)(6).

I.      **Factual and Procedural Background**

Plaintiff Oblio Telecom, Inc. ("Plaintiff" or "Oblio") filed its Original Complaint on February 15, 2008, against Defendants Zuber Patel ("Patel"), Touch Tell, Inc. ("Touch Tell"), Hawaii Global Exchange, Inc. d/b/a Transpac Telecom and Pacific Telecard ("HGE"), Diamond Phone Card, Inc., Detroit Phone Card, Inc., Raza Telecom, Inc. d/b/a Raza Communication, Asia Telecom Corporation ("Asia Telecom"), and Transpac Telecom, Inc. ("TTI") (collectively, "Defendants").   Oblio asserts a claim pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq*., as well as state law claims of fraud and conspiracy to commit tortious interference.        Plaintiff alleges that Defendants comprise a RICO enterprise pursuant to 18 U.S.C. § 1961(3) and 1962(a) through (d) that "ma[de] a run on a phone card provider."  Compl. ¶¶ 16, 19.  Oblio asserts that it employed Patel, who controlled its network and provided telephone cards to the other Defendants.  Plaintiff contends that Patel sold cards to the other Defendants but added value greater than the face value of the cards, applied unauthorized discounts to Defendants' invoices, began a scheme to disrupt the network to create an excuse to pay less than the amount it invoiced, and sold activated cards to Defendants but told them they did not need to pay Oblio.  *Id*. ¶ 19.  Oblio asserts that it lost millions of dollars in revenue as a result of Defendants' actions.  *Id*. ¶ 26.

Defendants TTI, HGE, Patel, and Touch Tell moved to dismiss the claims against them pursuant to Rule 12(b)(6).[1]  On November 18, 2008, the court denied these motions without prejudice.  The court found that Plaintiff failed to allege the existence of an ascertainable structure

---

[1]Defendant Asia Telecom also moved pursuant to Rule 12(b)(2) for lack of personal jurisdiction. The court denied this motion.

separate and apart from the alleged pattern of racketeering and therefore failed to adequately plead a RICO enterprise.  The court also found that Plaintiff failed to allege predicate acts with the specificity required by Rule 9(b).  Plaintiff sought leave to replead, and the court granted this request.  Oblio filed its Amended Complaint (hereinafter "Complaint") on December 3, 2008.  Plaintiff asserts the same claims as in its initial pleading and has added additional language and factual assertions.  The moving Defendants then filed the instant motions, arguing that Plaintiff's amended pleading still fails to state a claim upon which relief can be granted.

## II.      Motion to Dismiss for Failure to State a Claim

To defeat a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).  While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted).  The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.  *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  In ruling on such a motion, the court cannot look beyond the pleadings.  *Id.*; *Spivey v. Robertson*,

197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).  The pleadings include the complaint and any documents attached to it.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).  Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'"  *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002).  A court, however, is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions.  *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).  The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim.  *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

## III.    Analysis

Defendants HGE and TTI jointly move to dismiss Plaintiff's claims against them for failure to state a claim upon which relief can be granted.  Defendant Patel filed a motion to dismiss Plaintiff's Complaint for failure to state a claim, and joins HGE and TTI's motion.  Defendant Touch Tell also moves to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as does Defendant Asia Telecom.  Because Defendants' arguments are overlapping, the court considers these four motions together.

Before reaching the merits of the arguments, the court will address Plaintiff's claim that Defendant Asia Telecom's motion to dismiss was untimely and should be stricken.  Rule 12(h)(2) of the Federal Rules of Civil Procedure allows a motion to dismiss for failure to state a claim to be raised in any pleading allowed under Rule 7(a), by motion under Rule 12(c), or at trial.  Defendant Asia Telecom filed its answer on November 18, 2008.  Plaintiff cites Rule 15(a) of the Federal Rules of Civil Procedure.  While an amended answer would have been untimely if filed on December 31, 2008, Plaintiff cites no case or authority that Defendant's motion to dismiss an amended pleading was untimely.   Accordingly, the court declines Plaintiff's request to strike Defendant Asia Telecom's motion to dismiss, because it is properly before the court.

### A.    RICO Claim

#### 1.    Legal Standards

RICO provides a civil cause of action to recover treble damages for "[a]ny person injured in his business or property by reason of a violation of section 1962."  18 U.S.C. § 1964.  Oblio contends that Defendants violated subsections (a) through (d) of section 1962.  Reduced to their simplest terms, these subsections mean:

(a) a person who has received income from a pattern of racketeering activity cannot invest that income in an enterprise;

(b) a person cannot acquire or maintain an interest in an enterprise through a pattern of racketeering activity;

(c) a person who is employed by or associated with an enterprise cannot conduct the affairs of the enterprise through a pattern of racketeering activity; and

(d) a person cannot conspire to violate subsections (a), (b), or (c).

*Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995).  "Common elements are present in all four of these subsections.  These common elements teach that any RICO claim necessitates 1) a *person* who engages in 2) a *pattern of racketeering activity*, 3) connected to the acquisition, establishment, conduct, or control of an *enterprise*."  *Id*. at 204 (original emphasis) (internal citations and quotations omitted).

Defendants HGE, TTI, and Patel argue that Plaintiff's Complaint has failed to show the elements required for a RICO claim, that Plaintiff failed to allege any RICO violation, that Plaintiff has failed to show causation as required by the statute, that the Complaint is not specific enough to meet the standards of Rule 9(b) of the Federal Rules of Civil Procedure, and that factual amplification is required where conspiracy allegations are implausible.  Touch Tell argues that Plaintiff has failed to plead specific facts regarding the existence of an enterprise with its associates functioning as a continuing unit, to show that the enterprise had a structure separate and apart from the alleged pattern of racketeering activity, and to specifically plead the predicate acts of mail or wire fraud.  Defendant Asia Telecom argues that the Complaint does not sufficiently allege the existence of a RICO enterprise and that the predicate acts are not pleaded with particularity.

## 2.    RICO Enterprise

The court first addresses Defendants' contentions that Plaintiff has failed to adequately plead the existence of a RICO enterprise.  The statute simply defines the term "enterprise" as including "any individual partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."  18 U.S.C. § 1961(4).  Plaintiff does not allege that Defendants share any legal relationship, but rather that they are an association-in-fact. Compl. ¶ 16.

**Memorandum Opinion and Order – Page 6**

To establish an association-in-fact enterprise, Oblio must show "evidence of an ongoing organization, formal or informal, and . . . evidence that various associates function as a continuing unit." *Crowe*, 43 F.3d at 205 (internal citation and quotation omitted).  An association-in-fact enterprise must have continuity.  *Calcasieu Marine Nat'l Bank v. Grant*, 943 F.2d 1453, 1461 (5th Cir. 1991); *see also Crowe*, 43 F.3d at 205; *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 243 (5th Cir. 1988), *cert. denied*, 489 U.S. 1079 (1989).  An association-in-fact enterprise "(1) must have an existence separate and apart from the pattern of racketeering, (2) must be an ongoing organization[,] and (3) its members must function as a continuing unit as shown by a hierarchical or consensual decision making structure."  *Crowe*, 43 F.3d at 205; *Calcasieu*, 943 F.2d at 1461; *Delta Truck*, 855 F.2d at 243.  "Since an association-in-fact enterprise must have an existence separate and apart from the pattern of racketeering, proof of a pattern of racketeering activity does not necessarily establish a RICO enterprise."  *Calcasieu*, 943 F.2d at 1461 (internal citation omitted).  Oblio must therefore plead specific facts that establish that the association exists for purposes other than simply to commit the predicate acts.  *Elliott v. Foufas*, 867 F.2d 877, 811 (5th Cir. 1989); *Montesano v. Seafirst Commercial Corp.*, 818 F.2d 423, 427 (5th Cir. 1987).

The enterprise alleged in this case is an association-in-fact comprised of Patel, an employee of Oblio, and the other Defendants, who distribute and sell prepaid phone cards.  Additional wrongdoers allegedly include not only Defendants themselves, but also those employees, officers, agents, and other non-defendant entities that participated in the scheme.  Compl ¶ 16.  Plaintiff alleges in his Complaint that "[t]he Enterprise consisted of a clear structure separate and apart from the predicate acts of defrauding Oblio in that the Enterprise's entire goal was to gain a commercial

advantage for its members into the future." *Id.* ¶ 20.  Plaintiff contends that "the Enterprise had a continuous and overall goal of putting a competitor out of business."  *Id.* ¶ 19.

An enterprise that has only one short-term goal and then disbands upon the attainment of that goal results in "nothing linking the members of the association to one another except the commission of the predicate criminal acts."  *Manax v. McNamara*, 842 F.2d 808, 811 (5th Cir. 1988).  Plaintiff has failed to plead any facts that show that the association had continuity and would continue after Oblio was out of the marketplace. Plaintiff has also failed to plead any facts that show that there was an ascertainable structure separate and apart from achieving the predicate acts.  Plaintiff's statements that the enterprise had a "clear structure separate and apart from the predicate acts" are conclusory, and the Complaint does not plead facts that might support this conclusion.  Accordingly, the court determines that Plaintiff has still failed to state a claim because it has failed to adequately plead a RICO enterprise pursuant to 18 U.S.C. § 1961(4).

### 3. Predicate Acts

Defendants also argue that Plaintiff has failed to plead with the specificity required by Rule 9(b) of the Federal Rules of Civil Procedure and that it has not sufficiently pleaded the predicate acts. Plaintiff alleges that Defendants engaged in predicate acts of mail and wire fraud and a scheme or artifice to defraud.  Compl. ¶¶ 19, 20–21.  Plaintiff alleges that "Patel made representations to the Distributor Defendants over the telephone, by mail, or by e-mail that he would 'load' pre-paid phone cards and sell the cards to Distributor Defendants . . . ."  *Id.* ¶ 31.  Plaintiff also alleges that the fraudulent scheme was furthered by "representations by telephone, mail or e-mail that [Distributor Defendants] would order cards from Patel, with the intent of never paying for them so they could drive Oblio out of business."  *Id.* ¶ 32.

**Memorandum Opinion and Order – Page 8**

Rule 9(b)'s particularity requirement applies to the pleading of RICO predicate acts. *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1138 (5th Cir. 1992). Rule 9(b) requires "a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.,* 302 F.3d 552, 564–65 (5th Cir. 2002) (quotations omitted).

In order to make out a claim for mail fraud, a plaintiff must show: (1) a scheme to defraud; (2) use of the mails to execute that scheme; and (3) the specific intent to defraud. *United States v. Lucas*, 516 F.3d 316, 339 (5th Cir.), *cert. denied*, 129 S. Ct. 116 (2008). Pleading a predicate act of wire fraud is similar but requires the use of interstate wire facilities. *Neder v. United States*, 527 U.S. 1, 20 (1999).

Plaintiff's Complaint generally alleges that Defendants conspired unlawfully, however, it falls short of satisfying Rule 9(b)'s particularity requirement. Plaintiff has failed to plead any specific acts that Defendants used the mails or wires to execute their scheme, the dates of the communications, or the content of the communications. Accordingly, the court determines that Plaintiff has failed to allege with the particularity required by Rule 9(b) the predicate acts that are required pursuant to 18 U.S.C. § 1961. Because the court has determined that Plaintiff has failed to state a claim pursuant to RICO, it does not address the parties' other arguments regarding the RICO claim.

### B.     Non-RICO Fraud Claim

Defendants argue that Plaintiff has also failed to particularly plead its common law fraud claim. Rule 9(b) requires "a plaintiff pleading fraud to specify the statements contended to be

fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann,* 302 F.3d at 564–65 (quotations omitted).  Plaintiff has incorporated each of the foregoing arguments from its RICO claim, and further alleges these additional claims with regard to their common law fraud claim.  Compl. ¶ 40.  Plaintiff alleges that there was an illegal plan to defraud Oblio and that at the time of purchase, Defendants had no intention of paying for the cards.  *Id.* ¶ 42.  Plaintiff further alleges that "in concert and conspiracy with Patel, the Distributor Defendants set out to convert the cards to their own benefit without paying for the cards."  *Id.*  As with the RICO claim, Plaintiff fails to identify any fraudulent statement, when such a statement was made, the speaker, or the content of any such statement.  Accordingly, its fraud claim is not pleaded with the particularity required by Rule 9(b).  Therefore, the court determines that Plaintiff has failed to state a claim for fraud.

### C.      Conspiracy to Commit Tortious Interference

Defendants also argue that the Complaint fails to state a claim for conspiracy to commit tortious interference.  Defendants further argue that the Complaint only sets forth legal conclusions and is not sufficient to enable Defendants to adequately respond.  Plaintiff responds by stating that it has existing contractual relations with Defendants; that Defendants willfully and maliciously interfered with those contracts; and that Defendants' actions proximately caused Oblio to suffer harm.  Plaintiff further argues that it is not necessary to include detailed factual allegations in its Complaint.

Civil conspiracy under Texas law is "a combination by two or more persons to accomplish an unlawful purpose, or to accomplish a lawful purpose by unlawful means."  *Peavy v. WFAA-TV, Inc.*, 221 F.3d 158, 172 (5th Cir. 2000), *cert. denied*, 532 U.S. 1051 (2001).  The elements of a

conspiracy claim are: (1) two or more persons; (2) an object to be accomplished; (3) meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result.  *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983).  General allegations of conspiracy without a statement of the facts constituting that conspiracy are merely legal conclusions and are not sufficient to support a cause of action.  *Guidry v. United States Tobacco Co.*, 188 F.3d 619, 631–32 (5th Cir. 1999).  "[T]he complaint must contain sufficient information to show that a valid claim for relief has been stated and to enable the opponent to prepare adequate responsive pleadings."  *Id.*  In other words, the allegations must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993) (citation omitted).

Under Texas law, there is no independent tort of conspiracy.  *Four Bros. Boat Works, Inc. v. Tesoro Petrol. Co., Inc.*, 217 S.W.3d 653, 667 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).  Here, the underlying tort alleged in the Complaint is tortious interference.  Compl. ¶ 44. The elements necessary to establish a claim of tortious interference with a contract are (1) an existing contract subject to interference, (2) a willful and intentional act of interference with the contract (3) that proximately caused the plaintiff's injury, and (4) actual damages or loss.  *Powell Indus., Inc. v. Allen*, 985 S.W.2d 455, 456 (Tex. 1998).  "It is well settled that one cannot tortiously interfere with one's own contract."  *Hussong v. Schwan's Sale Enters., Inc.*, 896 S.W.2d 320, 326 (Tex. App. – Houston [1st Dist.] 1995, no writ).

Plaintiff claims that Defendants interfered with "Oblio's contractual obligations and benefits as well as tortious interference with Oblio's marketplace goodwill, reputation, and standing."

Compl. ¶ 44.  Plaintiff fails to allege which Defendant interfered with existing contracts or how each Defendant tortiously interfered with the existing contract of another.  Plaintiff has merely asserted boilerplate language that is insufficient to allow Defendants to adequately respond.  Because Plaintiff has failed to allege any contract subject to interference, its underlying claim of tortious interference with a contract fails.  Accordingly, the court determines that Plaintiff has failed to allege a claim for civil conspiracy to commit tortious interference.

## IV.    Conclusion

For the reasons stated herein, the court determines that the Complaint does not state a claim that is plausible on its face as to any of the moving Defendants.  Accordingly, the court **grants** Defendants Hawaii Global Exchange, Inc. and Transpac Telecom, Inc.'s Motion to Dismiss First Amended Complaint for Failure to State a Claim Upon Which Relief May Be Granted; **grants** Defendant Zuber Patel's Motion to Dismiss First Amended Complaint; **grants** Defendant Touch Tell's, Inc.'s Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim Upon Which Relief Can Be Granted; and **grants** Defendant Asia Telecom's Motion to Dismiss Pursuant to Rule 12(b)(6).  The court **dismisses with prejudice** all claims against Defendants Hawaii Global Exchange, Inc., Transpac Telecom, Inc., Zuber Patel, Touch Tell, Inc., and Asia Telecom.

**It is so ordered** this 10th day of June, 2009.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 12**